BENTLEY *v.* BOARD OF COMMISSIONERS OF CLARK
COUNTY ET AL.

[No. 15,259. Filed March 13, 1936. Rehearing denied May 14, 1936.
Transfer denied October 1, 1936.]

*L. A. Douglass,* for appellant.

*James W. Sweeney,* for appellees.

KIME, P. J.—The appellant here filed a suit for an injunction against the Board of Commissioners of Clark County in their official capacity and as individuals and the county auditor in his official capacity and as an individual. Appellant filed his complaint on September 3, 1932, and on December 1, 1932, filed what he denominated a supplemental complaint. The so-called supplemental complaint which must have been treated by the trial court as an amended complaint, alleged that the appellant is a resident taxpayer of Clark county and that the defendants named in the title are the legally elected, qualified and acting officers thereof and that the salaries of the commissioners are fixed at the sum of $400.00 per year by statute. That in August of that year these three commissioners filed their separate and individual verified claims against the county; that these claims were later withdrawn and "on the 21st day of

November, 1932" they filed their separate and individual verified claims in which they alleged the county was indebted to them in various amounts in connection with certain roads that were then being built. That these claims had been duly published by the auditor as required by law and that the auditor is required by law to present them "at the regular November term" of the Board of Commissioners and will do so unless enjoined and restrained by the court; that the said commissioners unless enjoined and restrained by the court will pass upon and allow said claims, and the auditor will draw his warrants for the same against the county treasurer. That said claims and each of them are for alleged services in "travelling at 5¢ per mile" and for meals and that all of them are illegal, unlawful and void. That on the dates set forth in these claims the commissioners were not in session, and that if any of these claims are for viewing roads that they are illegal; "that no part of said claims are for expenses necessarily incurred by any of said defendant commissioners in or about the constructing of certain roads;" that the said commissioners did not pay or incur any necessary expense set out in said claims covering the construction of certain roads; that said roads are now being constructed under bond issues which bond issues will have to be paid out of the general taxation and that no appropriation for said alleged services was made prior to the filing of the claims.

A general denial was filed by the defendants to the supplemental complaint. Following a request on behalf of the appellant for a special finding of facts trial was had and at the conclusion of plaintiff's evidence the defendants moved the court "for judgment upon the evidence for the defendants for the reason that the plaintiff had failed to prove the material allegations of his complaint; that the evidence of the plaintiff shows that the claims have been allowed and have not been

appealed from; that the claims having been allowed, the question is now a moot one." This motion was sustained to which ruling the appellant reserved exceptions following which the court made a special finding of facts and stated conclusions of law thereon.

The special findings found the appellees to be the duly elected and qualified officers of Clark County and that the claims, as set forth in the plaintiff's "supplemental" complaint, were filed and allowed by the Board of Commissioners on the 5th and 28th days of December (setting out the various claims in the specific amounts), and the court then found there had been no appeal from the allowance of these claims by the Board of Commissioners to the Circuit Court; that the expense incurred in each of said claims was reasonable and necessarily incurred in the construction of such highways. Upon these facts the court concluded the law to be with the defendants, to which conclusion of law the appellant excepted. The court then rendered judgment that the "plaintiff take nothing by reason of his complaint and that the defendants recover their costs."

Following this the appellant filed a motion for new trial stating as grounds therefor that the decision of the court was contrary to law and that the decision of the court was not sustained by sufficient evidence.

The only errors assigned here, which are properly presented are that the court erred in overruling appellant's motion for a new trial and that the court erred in its conclusion of law.

The Acts of 1919, §42, p. 559, being §36-708, Burns 1933, and §8901, Baldwin's 1934, is as follows: "The following expenses incident to the establishment, laying out, opening, widening, changing, constructing or improving of the highway, either when the same lies wholly within a county or upon a county line, may be allowed by the board of commissioners of the county and shall be considered a part of the necessary expenses

incurred; *reasonable allowance to the members of the board of commissioners covering expenses necessarily incurred, in and about the construction of any highway under this act;·...*" (Our italics.)

The court found that these claims were reasonable and necessarily incurred in the construction of highways and there is sufficient evidence from which the court could make this finding; and since the appellant himself admits that an appeal was not taken to the Circuit Court, we can see no reason for invoking the powers of a court of equity to give to appellant an additional remedy when he has not pursued the ample and complete one given him by statute.

While the appellants contend that the statute and the cases prior to 1919 said that county commissioners could not contract with themselves, we find the legislature has since then specifically given them the power to allow claims for work of this kind. By so enacting this statute it was the evident intention of the legislature that county commissioners should be paid for the work done, but whatever their intention may have been, the appellant is in no position to complain because he has not pursued the remedy provided by law.

The Acts of 1879, Sp. Sess., ch. 29, §1, page 106, being §26-805, Burns 1933, and §5254, Baldwin's 1934, provides that any person having a legal claim against the county shall file it with the county auditor and it shall by him be presented to the county commissioners and that these claims must be itemized and verified. See Acts 1897, ch. 123, §4, p. 187, being §26-806, Burns 1933, §5260, Baldwin's 1934. This was done as the evidence fully established. The statute also provides that these claims must be published. The evidence discloses that this was done. The statute also provides for a penalty for the violation of any of the provisions of this act and subjects violators to a criminal prosecution. Acts 1897, ch. 123, §5, p. 187, being §26-810, Burns 1933, §5261,

Baldwin's 1934. This same act provides for recovery of illegal allowances, which was open to the appellant and which remedy he did not pursue. Acts of 1879, ch. 29, §3, p. 106; Acts 1885, ch. 52, §1, p. 80, being §26-820, Burns 1933, and §5275, Baldwin's 1934, provides as follows: "Any person or corporation feeling aggrieved with any decision of the board of county commissioners, made as hereinbefore provided, may appeal to the circuit or superior court of such county, as provided by law. No appeal shall be (lie) from the decision of said board making allowances for services voluntarily rendered or things voluntarily furnished for the public use. From all other decisions for allowances, an appeal may be taken within thirty (30) days to the circuit or superior court of the county, the party giving sufficient bond against costs, payable to said board. If a claim be disallowed, in whole or in part, except where the claim is for services voluntarily rendered or things voluntarily furnished, the claimant may appeal, or, at his option, bring an action against the county; but if he shall not recover more on such appeal than is allowed, he shall pay the costs of such appeal."

The conclusion of law is proper under the finding of facts. The finding of facts is sustained by sufficient evidence. There is no reversible error shown. The judgment is affirmed.